IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DOUG DALTON,

    Plaintiff,

v.    No. 1:22-cv-01102-STA-jay

STATE FARM INSURANCE
COMPANY,

    Defendant.

## ORDER DENYING MOTION TO COMPEL APPRAISAL

Before the Court is Plaintiff's Motion to Compel Appraisal and Stay Proceedings. Docket Entry "D.E." 26. This matter was referred to the undersigned pursuant to Administrative Order 13-05. D.E. 28. For the following reasons, Plaintiff's Motion is DENIED.

This suit relates to an insurance claim filed by Plaintiff for damage to property on May 4th, 2021. D.E. 1-2 at 5. Defendants removed the suit to Federal Court. D.E. 1. Plaintiff filed the instant Motion on October 26th, 2022. D.E. 26. Defendant opposes the Motion and argues it should be denied because (1) Plaintiff failed to file a certificate of consultation in accordance with Local Rule 7.2(a)(1)(B) and (2) Plaintiff erroneously attempts to convert an appraisal requirement into a dispute about policy coverage. D.E. 27. The Court finds that the procedural error does not warrant dismissal with regards to the certificate of consultation requirement. The Court also finds that Defendant's argument regarding the difference between appraisal and policy coverage is unsupportable by *Smith v. State Farm Fire & Cas. Co*., 2021 U.S. Dist. LEXIS 245386 (W.D. Tenn. 2021). However, Plaintiff's apparent failure to comply with the

1

contractual requirements under the insurance policy lead the Court to DENY Plaintiff's Motion.

## I. COMPLIANCE WITH LOCAL RULE 7.2

Local Rule 7.2(a)(1)(B) requires that "[a]ll motions, including discovery motions . . . shall be accompanied by a certificate of counsel . . . affirming that, after consultation between the partis to the controversy, they are unable to reach an accord . . . ." LR 7.2(a)(1)(B). If a moving party fails to include such certificate of consultation, then the court may deny the motion. LR 7.2(a)(1)(B). Importantly, it is not *mandatory* that a court dismiss a motion for failure to file a certificate of consultation; dismissal is permissive.

It is true that Plaintiff failed to include a certificate of consultation with the Motion to Compel Appraisal. D.E. 26. But it appears as though Plaintiff did attempt to consult with Defendant regarding this Motion. In Plaintiff's Motion for Leave to File Reply Memorandum (which the Court granted), Plaintiff included an Exhibit. D.E. 29-2. This Exhibit is an e-mail exchange between both parties' counsel. The last paragraph of Plaintiff counsel's e-mail stated, "Please advise if you are agreeable to a Motion to Compel Appraisal and a stay of proceedings." D.E. 29-2 at 1. Plaintiff's counsel sent this e-mail on September 29th, 2022. D.E. 29-2 at 1. Defense counsel replied on October 12th, 2022 that Defendant would consider an amendment to the scheduling order if Plaintiff would "agree to withdrawal of [Plaintiff's] request for Appraisal." D.E. 29-2 at 1.

Plaintiff did not file the Motion to Compel Appraisal until October 31st, 2022. Thus, it appears the parties did, although to a minimal extent, attempt to confer regarding the instant Motion. The purpose of LR 7.2(a)(1)(B) is not to provide another arbitrary procedural hurdle parties must jump in order to proceed in litigation. The purpose is, somewhat obviously, to encourage consultation and afford mutual resolution of issues prior to bringing them before the

court. Finding that the parties did in fact consult about the instant Motion, the Court will not dismiss the Motion on Plaintiff's failure to file the certificate. However, Plaintiff is encouraged to take notice of the Local Rules and avoid these procedural issues in the future.

## II. DEFENDANT'S ARGUMENT IS PRECLUDED BY *SMITH V. STATE FARM FIRE & CAS. CO.*

Defendant attempts to avoid appraisal of Plaintiff's property by arguing that the "issue in dispute between State Farm and the Plaintiff relates to whether the entire roof must be replaced." D.E. 27 at 4. Defendant views this Motion not as an attempt to "quantify the monetary value of a property loss." *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 149 (Tenn. Ct. App. 2001) (internal citations omitted). Instead, Defendant views this appraisal request as a "dispute[] concerning the scope of work." D.E. 27 at 4. Defendant rightly cites to this Court's previous decision in *Smith*, 2021 U.S. Dist. LEXIS 245386 at *4. There, this Court rejected the same argument Defendant makes here. *Smith*, 2021 U.S. Dist. 245386 at *4–5. As such, the Court does not find Defendant's argument persuasive.

## III. PLAINTIFF WAS REQUIRED TO MAKE A WRITTEN DEMAND FOR APPRAISAL

Included in the filings for this case is the insurance policy between Plaintiff and Defendant. D.E. 26-2. That policy includes the following: "A demand for appraisal must be in writing." D.E. 26-2 at 32. And it doesn't end there; there are multiple procedural requirements under the policy that the parties were obligated to comply with. One requirement is to submit an "itemized documentation of a specific dispute as to the amount of the loss" to the other party at least ten days prior to making the demand for an appraisal. D.E. 26-2 at 32. Plaintiff also had to comply with the section of the policy titled "Your Duties After Loss" in order to make a demand for appraisal. D.E. 26-2 at 32.

3

In Smith, "[n]either party dispute[d] Plaintiff made a written demand for an appraisal . . . ." *Smith*, 2021 U.S. Dist. 245386 at *4. But the same is not true here. Plaintiff claims he "invoked the appraisal clause in writing contemporaneous with consultation with State Farm regarding this motion to compel." D.E. 26 at 1, ¶ 4. Defendant represents to the Court that "State Farm is not aware of" and "has no record from counsel" that Plaintiff made a demand for appraisal in writing on that date. D.E. 27 at 2, n.2.

The Court reads Plaintiff's statement to mean that the e-mail sent on September 29th, 2022 was both a consultation regarding the Motion to Compel Arbitration *and* a written demand for arbitration pursuant to the policy requirements. But both cannot be true. The purposes behind requiring consultation among parties during litigation and the requirement for written demands of appraisal under an insurance claim are not the same. Thus, the Court will not treat them equally. Moreover, Plaintiff is asking the Court to enforce a contract provision without providing sufficient information that Plaintiff complied with the contract's procedures himself. The Court will not compel appraisal where it is unclear that Plaintiff provided the ten-day notice and itemized list of disputed costs as required under the policy. Therefore, Plaintiff's Motion to Compel Appraisal is **DENIED.**

IT IS SO ORDERED this 6th day of January, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

4