# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DIVISION OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DOUG DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:22-cv-01102-STA-jay |
| ) | |
| STATE FARM INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED SCHEDULING ORDER

The Court entered an initial scheduling order (ECF No. 14) in this case on August 4, 2022. Based on the deadlines in the original case management order, the Court has set a jury trial to begin July 24, 2023. On January 6, 2023, the United States Magistrate Judge granted Defendant State Farm Insurance Company' motion to modify the scheduling order and directed the parties to meet and confer about revised scheduling deadlines. The parties have now submitted an agreed proposal for the modification of the scheduling order, a proposal the Court hereby adopts with two changes.

First, the parties have not shown that they ever complied with the original scheduling order's ADR requirement. Their proposed amended schedule does not contain a new deadline for ADR. Therefore, the parties are ordered to confer and then propose a new ADR deadline to the Court. The parties' proposal for the new ADR deadline is due within 14 days.

Second, the extensions reflected in the proposed amended scheduling order do not require a resetting of the current trial date. The Court will slightly modify the normal briefing deadlines for dispositive motions, in the event the parties file them and the Court will need to make a determination of the issues prior to the current pretrial conference (July 14, 2023).

The following dates are established as the final deadlines for

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:  August 29, 2022

**MOTIONS TO JOIN PARTIES**:  October 4, 2022

**MOTIONS TO AMEND PLEADINGS**:  October 4, 2022

**MOTIONS TO DISMISS**:  November 4, 2022

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):  to be reset**

    **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**[1]:

        **Mediator's Name:** Darryl Gresham

        **Stipulation Filing Date: Not applicable**

**COMPLETING ALL DISCOVERY**:  April 5, 2023

  (a) **WRITTEN DISCOVERY**:   March 25, 2023

  (b) **DEPOSITIONS**:  April 5, 2023

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

  (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  February 6, 2023

  (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  March 5, 2023

  (c) **EXPERT WITNESS DEPOSITIONS**:  April 5, 2023

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: May 5, 2023

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  March 25, 2023

**FILING DISPOSITIVE MOTIONS**:  May 15, 2023

    **Responses to Dispositive Motions: June 2, 2023**

---

[1] In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel.  *Pro Se* IFP Mediation Plan 6.

**Replies to Dispositive Motions: June 14, 2023**

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date have already been set by separate Order.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response.

Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 25, 2023