# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

DOUG DALTON,

      Plaintiff,

vs.                                                        NO. 1: 22-cv-01102
                                                               JURY DEMANDED

STATE FARM INSURANCE COMPANY,

      Defendant.

## RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY NON-SUIT

      COMES NOW the defendant State Farm Fire & Casualty Company, incorrectly sued as "State Farm Insurance Company", by and through counsel of record and files this Response to Plaintiff's Motion for Voluntary Non-Suit and would state the following:

      1. This matter was filed in State Court on March 25, 2022 and properly removed to this court on May 20, 2022. (Doc. 1).

      2. Discovery has been on going including inspection of the premises, written discovery and depositions. Plaintiff has not provided his initial disclosures or responses to discovery, despite multiple requests. Counsel for State Farm noticed the plaintiff's deposition by agreement with plaintiff's counsel for April 18, 2023 on March 29, 2023 (Doc. 42). Plaintiff's expert William Griffin was noticed by agreement on April 10, 2023 to provide his deposition on April 18, 2023. (Doc. 43). Plaintiff's counsel states in his Motion that the discovery cutoff is "still months away." In fact, it expired on April 5. These deposition dates were agreed upon only because Plaintiff's counsel provided no dates prior to the discovery deadline of April 5, 2023.

      3. On April 10, 2023, a status conference was held and it was announced that the depositions were set for April 18, and mediation was set for April 13.

4. On April 17, 2023, Plaintiff's counsel advised Plaintiff Doug Dalton had a work conflict and could not be present for the April 18, 2023 deposition the following day. Counsel for State Farm advised the depositions must go forward because of the Motion for Summary Judgment Deadline and Deadline for *Daubert* Motions. At 10:00 am on April 18, counsel for State Farm appeared for the noticed deposition of Plaintiff, and neither Plaintiff nor Plaintiff's counsel appeared. At 1:00 pm on April 18, counsel for State Farm appeared for the noticed deposition of Plaintiff's expert William Griffin. Griffin did not show up for his deposition until approximately 2:30 pm. Counsel had to wait until then to begin the deposition.

5. Plaintiff's counsel requested that State Farm consent to a Voluntary Nonsuit of this matter after learning that State Farm could not agree to continue the plaintiff's deposition, but State Farm could not agree. State Farm was planning to file a motion for summary judgment. Regardless, three out of the four *Bridgeport* factors cited by Plaintiff are satisfied here. State Farm has expended considerable expense and effort in preparing this case for trial: the retention of an expert, attendance at the inspection, preparation of a report which was disclosed to Plaintiff, and then preparation for depositions of both Plaintiff and his expert. Additionally, co-counsel for State Farm traveled for the deposition of the plaintiff and plaintiff's expert from out of town. Expense of both travel and time was incurred in amounts to be shown to the Court upon granting of costs in State Farm's motion for discovery sanctions, to be filed.

7. Plaintiff has engaged in excessive delay and lack of diligence in prosecuting this suit. State Farm will be prejudiced by the plaintiff's non-suit. Plaintiff has never supplied initial disclosures or responses to discovery. State Farm had to file a motion to compel even to get an inspection of the property. State Farm has incurred expense in defending the lawsuit filed against them. The defendant paid for removal, hired counsel and incurred the expense of an

expert and inspection.

8. The Plaintiff has failed to properly prosecute this case and has missed deadlines to respond to discovery.

9. The Plaintiff was properly noticed for deposition, and failed to give proper notice of the conflict.  Additionally, Plaintiff never filed a motion for protective order. The Plaintiff should not be allowed to non-suit this matter at the expense of State Farm and correct the errors committed in failing to prosecute the case.

11. If the Court allows the plaintiff to non-suit this matter, State Farm would request that this Court order that (1) should Plaintiff decide to refile his case, it must be refiled in the Western District of Tennessee before this Court; and it must be filed within the time period permitted by law; (2) all previous rulings and entries on the docket for this case must stand, and if refiled before this Court, the case will be in the same procedural posture as when it was it was dismissed with the exception of allowing for plaintiff's deposition to be completed, and adequate time for State Farm to file *Daubert* and summary judgment motions.  Additionally, Plaintiff's expert disclosures failed to comply with Rule 26 and State Farm requests an opportunity to move to exclude Plaintiff's experts.  Further, State Farm would request costs and attorneys' fees be awarded to State Farm for the Plaintiff's failure to prosecute this matter.

WHEREFORE PREMISES considered State Farm requests that this Court deny Plaintiff's motion for voluntary non-suit, or alternatively, impose conditions as set forth above or on such terms as the Court determines are warranted.

Respectfully submitted this 19th day of April, 2023.

*/s/ Dawn Davis Carson*
Dawn Davis Carson (21416)
Hal S. (Hank) Spragins Jr. (30360)
*Attorneys for State Farm*
**HICKMAN GOZA & SPRAGINS, PLLC**
P.O. Box 16340
Memphis, TN  38186
P: (901) 881-9840
Dcarson@hickmanlaw.com


/s/ Matthew J. Evans
Matthew J. Evans
Daniel C. Headrick
Kay Griffin, PLLC
Attorney for State Farm
900 S. Gay Street, Suite 1810
Knoxville, TN 37902
matthew.evans@kaygriffin.com


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this date electronically filed the foregoing document Response to Plaintiff's Motion for Voluntary Non-Suit with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, including:

Drayton Berkley
Berkley Law Firm
1255 Lynnfield, Ste. 226
Memphis, TN 38119
attorneyberkley@gmail.com

Dated:  April 19, 2023

 /s/Dawn Davis Carson
Dawn Davis Carson, #021416