IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DOUG DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:22-cv-01102-STA-jay |
| ) | |
| STATE FARM INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
ORDER DENYING DEFENDANT'S MOTION TO COMPEL OR IN THE
ALTERNATIVE MOTION TO DISMISS AS MOOT

Before the Court is Plaintiff Doug Dalton's Motion for Voluntary Dismissal (ECF No. 46) filed April 17, 2023. Plaintiff seeks leave of court to dismiss his case voluntarily under Federal Rule of Civil Procedure 41(a)(2). Defendant State Farm Insurance Company opposes the request.[1] Also, before the Court is Defendant's Motion to Compel or in the alternative Motion to Dismiss (ECF No. 48) filed April 25, 2023. For the reasons set forth below, the Motion for Voluntary Dismissal is **GRANTED**, and the Motion to Compel or in the alternative Motion to Dismiss is **DENIED** as moot.

**BACKGROUND**

This is an insurance coverage dispute. Plaintiff had an insurance policy covering real property located in Union City, Tennessee. Plaintiff alleges that a May 2021 storm caused damage

---

[1] Plaintiff filed a motion for leave to file a reply in further support of his Motion for Voluntary Dismissal (ECF No. 49) on April 27, 2023, after the Court had already prepared its written order. Because the Court is granting Plaintiff's request for voluntary dismissal, his request for leave to file the reply brief is **DENIED** as unnecessary.

1

to his property.  The Complaint alleges Defendant is liable to cover the damage under the terms of its policy but has undervalued the amount of the damage.  Plaintiff filed suit in the Circuit Court for Obion County, Tennessee, on March 25, 2022. Defendant removed the case to this Court on May 20, 2022. The Court held a scheduling conference with counsel and entered a scheduling order (ECF No. 14) on August 4, 2022.  Based on the case management deadlines proposed by the parties and approved by the Court, the Court set a jury trial to begin July 24, 2023.  Defendant filed notice of serving its first set of written interrogatories (ECF No. 16) on August 19, 2022.

      Once discovery was underway, the parties filed two procedural motions of significance here.  First, Plaintiff filed a motion to compel (ECF No. 26) Defendant to submit the dispute to the appraisal process provided for in the parties' contract.  The United States Magistrate Judge denied the motion, holding that Plaintiff had not first complied with the contractual requirement that the insured make a written demand for appraisal.  *See* Order Denying Mot. to Compel, Jan. 6, 2023 (ECF No. 34).  Second, Defendant filed a motion to compel (ECF No. 32) Plaintiff to coordinate the scheduling of an inspection of the insured property where Plaintiff's alleged loss had occurred.  The Magistrate Judge granted that request, and the parties thereafter completed the inspection in February 2023.  Order Granting Def.'s Mot. to Compel, Jan. 6, 2023 (ECF No. 35).  Based on the Magistrate Judge's rulings, the parties also proposed amendments to the scheduling order, which the Court adopted in an Amended Scheduling Order (ECF No. 36) filed on January 25, 2023.  The Court set a new deadline of April 5, 2023, to complete all discovery and a dispositive motions deadline of May 15, 2023.

      Once the issues of an appraisal process and the inspection of the property were decided, discovery continued to some extent, at least as far as the docket shows.  On March 29, 2023, Defendant filed a notice of deposition (ECF No. 42) to take Plaintiff's deposition, and on April 10,

2023, a notice of deposition (ECF No. 43) to take the deposition of William Griffin, a public adjuster working on behalf of Plaintiff. Both depositions were noticed for April 18, 2023, almost two weeks after the deadline for completing all discovery, including depositions, set in the Amended Scheduling Order. The parties appeared before the Court for a status conference on April 10, 2023, and reported at that time that they had scheduled mediation for April 13, 2023, and confirmed the depositions of Plaintiff and his expert William Griffin for April 18, 2023.  The parties did not raise any other issues with the Court at the conference.

In the Motion for Voluntary Dismissal, Plaintiff now seeks permission to nonsuit his complaint without prejudice. Plaintiff cites two reasons to justify his request.  Plaintiff asserts that he experienced a work-related conflict with the deposition noticed for April 18, 2023.  According to the Motion, counsel for Plaintiff notified counsel for Defendant once the conflict arose, and Defendant objected to Plaintiff's request to postpone the deposition.  Plaintiff also argues that a nonsuit will permit counsel more time to prepare for trial and give the case proper attention. Defendant opposes the nonsuit based on the age of the case and the fact that Defendant has incurred expense in defending itself.  Defendant states in its response brief that Plaintiff has not made initial disclosures and has not responded to written discovery requests.  Defendant intends to file a motion for discovery sanctions as well as a motion for summary judgment. A voluntary dismissal coming after the close of discovery and on the eve of the dispositive motion deadline would prejudice Defendant.  Defendant argues then that the Court should not permit Plaintiff to voluntarily dismiss the case without prejudice.

After the briefing on the Motion for Voluntary Dismissal was complete, Defendant filed its own Motion to Compel or in the alternative Motion to Dismiss.  Defendant states that it served Plaintiff with written interrogatories and requests for production in August 2022.  After counsel

for Defendant undertook numerous attempts to obtain responses, Plaintiff finally served responses to the requests for production on April 18, 2023. However, Plaintiff did not actually produce any documents. Plaintiff then served his initial disclosures on April 24, 2023. Plaintiff also served expert disclosures. However, in Defendant's view, Plaintiff's expert disclosures did not satisfy Rule 26. All of this comes after Plaintiff failed to appear for his own deposition. Defendant argues that ordering Plaintiff to serve complete discovery responses would be futile at this point. The deadlines for Defendant to file a Daubert motion (May 5, 2023) or a dispositive motion (May 15, 2023) are now so close at hand, Defendant would not have time to receive discovery from Plaintiff and prepare motions in time to meet the deadlines. Defendant argues that the Court should enter an order directing Plaintiff to produce complete discovery responses no later than May 1, 2023 or in the alternative dismiss Plaintiff's case as a discovery sanction.

## ANALYSIS

"After service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 314–15 (6th Cir. 2019) (citing Fed. R. Civ. P. 41(a)(2)). Because a voluntary dismissal under Rule 41(a)(2) is considered a dismissal without prejudice, the Sixth Circuit has observed that courts have a duty "to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953–54 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994)). Therefore, before a court will grant a plaintiff's request for voluntary dismissal, the court must first decide whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.*

The Sixth Circuit has instructed district courts to consider the following factors in making this determination: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.  In this case, the balance of these factors shows that voluntary dismissal without prejudice will not cause Defendant to suffer plain legal prejudice.

Plaintiff's stated reasons for seeking the dismissal at this stage of the case pertain to a specific, immediate circumstance as well as larger case management considerations. Plaintiff states that he encountered a work conflict with the time selected for his deposition and sought Defendant's forbearance. When Defendant could not agree to reschedule the deposition, Plaintiff concluded that voluntary dismissal would resolve the impasse.  From a wider perspective, counsel for Plaintiff explains that voluntary dismissal will allow him to better manage his current caseload. The Court's recent experience in cases with Plaintiff's counsel bears this out.  The Court held status conferences on April 10, 2023, in this and several other cases involving counsel for Plaintiff, in large part because of ongoing delays in counsel for Plaintiff's other cases pending before the Court.  Counsel explained in the course of the status conferences that he had taken over dozens of cases from another attorney and was finding it difficult to stay abreast of all of the discovery matters presented by his new caseload.  All of this is perhaps another way of saying that Plaintiff's "cost-benefit analysis of pursuing further litigation" justified his need for a nonsuit.  *See Bridgeport*, 583 F.3d at 955 (determining that the district court did not abuse its discretion in granting the motion to dismiss where it concluded that the "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal in [the] cases"). These are sufficient reasons to take a voluntary dismissal.

The other factors for the Court to consider relate to each party's actions to move the case forward and prepare for trial. Defendant's effort and expense in defending itself and preparing for trial appear to be relatively modest. The record shows that the parties have engaged in some motion practice and trial preparation.[2] Each party has filed a motion to compel certain procedural steps: Plaintiff sought to enforce a contractual appraisal process and Defendant to conduct a physical inspection of the insured premises. The parties held the inspection. Defendant has noticed two depositions, Plaintiff's and Plaintiff's expert, though Plaintiff failed to appear for his deposition. On the whole, the amount of preparation undertaken by Defendant is normal and consistent with a fairly straightforward insurance dispute.

Furthermore, it is not entirely clear to the Court that Plaintiff has acted diligently. As Defendant's Motion to Compel shows, Plaintiff has failed to meet all of his discovery obligations, and the discovery period is now closed. On the whole, Plaintiff's diligence in the case leaves a great deal to be desired. The fact remains, though, that Defendant did not raise any of these discovery failures or seek any relief at the recent status conference and never brought the issues to the Court's attention at any other time before Plaintiff requested the dismissal of the case. Defendant's Motion to Compel asks for the alternative relief of the dismissal of the case for failure to prosecute, a sanction under Rule 41(b).[3] The problem is Defendant never sought lesser sanctions

---

[2] Plaintiff argues that Defendant has incurred no expense in "preparing for trial" because neither party has drafted a pretrial order, a witness list, or an exhibit list. Plaintiff's point is unconvincing. Trial preparation begins at the Rule 26(f) conference with the framing of a discovery plan and continues after the Rule 16(b) scheduling conference as the parties exchange written discovery, depose witnesses, and file motions, all of which are features and essential elements of trial preparation.

[3] Putting aside the untimeliness of Defendant's Motion to Compel or Motion to Dismiss, Defendant has not shown why the Court should act pursuant to Rule 41(b). The issue presented falls squarely within scope and purpose of Rule 37, sanctioning parties for their abuse of the discovery process. "When Rule 37(b) applies, there is no need to rely on the court's inherent

to obtain Plaintiff's compliance and within the proper time for doing so. As Defendant admits, Defendant served written discovery in August 2022, more than seven months ago, but then waited until three weeks after discovery closed to request court intervention. Defendant's Motion to Compel comes far outside the deadline for such motions set by the Court at the outset of the case. *See* Scheduling Order 2 (requiring the parties to file motions to compel discovery "within 45 days of the default . . . that is the subject of the motion").

The Court takes seriously Plaintiff's failure to appear for a properly noticed deposition. Rule 37 authorizes courts to dismiss a case as a sanction for a party's failure to appear at a deposition. Fed. R. Civ. P. 37(d)(3). And yet Plaintiff did not merely ignore the deposition. Counsel for Plaintiff apparently notified counsel for Defendant about the scheduling conflict in advance. While it is not clear how much advanced notice Plaintiff gave, Plaintiff also moved to dismiss his case late in the evening before the deposition. Viewing the entire course of the proceedings, the Court cannot say that Plaintiff has completely failed to prosecute his claims or that the extent of Defendant's effort and expense in the case is such that the Court should deny a voluntary dismissal without prejudice.

The final factor also weighs in favor of dismissal without prejudice. Defendant has not filed a motion for summary judgment. Defendant states that it had planned to seek judgment as a matter of law in advance of the dispositive motion deadline. But this just underscores the fact that Plaintiff requested the voluntary dismissal of the case prior to the dispositive motion deadline and before Defendant had invested time and resources in preparing a Rule 56 motion. Defendant has

---

powers or on Rule 41(b)'s authorization to dismiss for failure 'to prosecute or to comply with these rules or a court order.'" *Mager v. Wisc. Cent. Ltd.*, 924 F.3d 831, 837 n.3 (6th Cir. 2019) (citing Fed. R. Civ. P. 41(b) and *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)). Under the circumstances, Defendant's request for relief under Rule 41(b) is inapt.

now sought the dismissal of the case, not on the merits of the law and evidence but as a sanction for discovery abuse. As is clear from the foregoing discussion, Defendant only filed its Motion in this regard after Plaintiff had requested voluntary dismissal.

Plaintiff's Motion for Voluntary Dismissal is **GRANTED**. Because the *Bridgestone* factors do not counsel in favor of a dismissal of the action with prejudice, the Court hereby dismisses this matter without prejudice pursuant to Rule 41(a)(2). Defendant's Motion to Compel or in the alternative Motion to Dismiss is **DENIED** as moot. The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 27, 2023.